# Exhibit 2

# CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
(Other than Domestic Relations)

In the Circuit Court, Kanawha _____ County, West Virginia

**FILED**
2014 JAN 15 PM 2:32

KA_____ _____ COURT

## I. CASE STYLE:

**Plaintiff(s)**

John Levin and Louisa Levin on behalf of

themselves and all others similarly situated

Case # 14-C-88

Judge: Stucky

vs.

**Defendant(s)** Freedom Industries, Inc.

101 Capitol Street

Charleston, WV 25301

    Street

    City, State, Zip

| Days to Answer | Type of Service |
|---|---|
| 30 | Secretary of State |

West Virginia-American Water Company

1600 Pennsylvania Avenue

Charleston, WV 25302

    Street

    City, State, Zip

Street

City, State, Zip

Street

City, State, Zip

Original and 5 _____ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

| PLAINTIFF: John Levin and Louisa Levin | CASE NUMBER: |
|---|---|
| DEFENDANT: Freedom Industries, Inc., et. al. | |

II. TYPE OF CASE:

- ☑ General Civil
- ☐ Mass Litigation
  (As defined in T.C.R. Rule XIX (c))
  - ☐ Asbestos
  - ☐ Carpal Tunnel Syndrome
  - ☐ Diet Drugs
  - ☐ Environmental
  - ☐ Industrial Hearing Loss
  - ☐ Silicone Implants
  - ☐ Other: _____

- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

- ☐ Habeas Corpus/Other Extraordinary Writ
- ☐ Other: _____

III. JURY DEMAND: ☑ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): Dec. / 2015

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES ☑ NO
   IF YES, PLEASE SPECIFY:
   - ☐ Wheelchair accessible hearing room and other facilities
   - ☐ Interpreter or other auxiliary aid for the hearing impaired
   - ☐ Reader or other auxiliary aid for the visually impaired
   - ☐ Spokesperson or other auxiliary aid for the speech impaired
   - ☐ Other: _____

Attorney Name: D. Aaron Rihn, Esquire
Firm: Robert Peirce & Associates, P.C.
Address: 707 Grant St Pittsburgh PA 15219
Telephone: (412) 281-7229
Dated: November 13, 2013

Representing:
☑ Plaintiff ☐ Defendant
☐ Cross-Complainant ☐ Cross-Defendant

_____
Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

FILED
cxm
2014 JAN 15 PM 2:33

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JOHN LEVIN and LOUISA LEVIN
on behalf of themselves and all others
similarly situated,
1564 Kanawha Boulevard East
Charleston, WV 25311

      Plaintiffs,

v.

FREEDOM INDUSTRIES, INC.
101 Capitol Street
Charleston, WV 25301

and

WEST VIRGINIA-AMERICAN
WATER COMPANY
1600 Pennsylvania Avenue
Charleston, WV 25302

      Defendants.

CIVIL ACTION NO. 14-C- 88

JUDGE Stucky

## CLASS ACTION COMPLAINT

Plaintiffs John Lindsey Levin and Louisa Levin ("Plaintiffs"), by and through his undersigned counsel, on behalf of themselves and all other persons similarly situated, brings this Class Action against Freedom Industries, Inc. and West Virginia-American Water (collectively, "Defendants"), and states as follows:

## INTRODUCTION

This is a Class Action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover damages suffered by Plaintiffs and other class members resulting from the spill of crude 4-Methylcyclohexanemethanol ("MCHM") into the Elk River, and the

1

contamination of the water supply of Kanawha, Boone, Cabell, Clay, Jackson, Lincoln, Logan, Putnam, and Roane counties. On January 9, 2014, a storage container belonging to Defendant Freedom Industries, Inc. began leaking MCHM into the Elk River (the "MCHM Spill"). As a result of the MCHM Spill, thousands of gallons of this harmful chemical entered a water treatment facility belonging to Defendant West Virginia-American Water, from which it entered the residence of Plaintiffs and approximately 100,000 other members of the class. The MCHM that has entered the water supply has rendered the water unsuitable for drinking, bathing, washing, cooking, and boiling, and has led to the governor of West Virginia declaring a state of emergency for approximately 100,000 residents of Kanawha, Boone, Cabell, Clay, Jackson, Lincoln, Logan, Putnam, and Roane counties.

## PARTIES

1. Plaintiffs John Lindsey Levin, at all times pertinent to this complaint, resided in and continues to reside in and own a home in Charleston, West Virginia, located at 1564 Kanawha Boulevard East, West Virginia 25311. By order of West Virginia American Water and other authorities, and a direct result of the MCHM Spill, John Levin, his wife and other occupants of his household, have been unable to drink, bathe with, cook with, wash with, or boil water supplied to his home.

2. Defendant Freedom Industries, Inc. ("Freedom") is a West Virginia corporation with its principal place of business located at 101 Capital Street, Charleston, Kanawha County, West Virginia. Freedom Industries represents itself as specializing in the development, production and marketing of specialty chemicals for the mining, steel, and cement industries, and

2

as a producer of freeze conditioning agents, dust control palliatives, flotation reagents, water treatment polymers and specialty chemicals.

3. Defendant West Virginia-American Water Company ("American Water") is a West Virginia corporation with its principal place of business at 1600 Pennsylvania Avenue, Charleston, West Virginia 25302. American Water is a water and sewage utility.

## ALLEGATIONS OF FACT

4. On January 9, 2014, one of Freedom's storage tanks containing MCHM began leaking crude 4-Methylcyclohexanemethanol ("MCHM") into the Elk River, from which point it entered into American Water's water treatment facility, where it polluted a distribution system involving hundreds of miles of pipe for customers in Kanawha, Boone, Cabell, Clay, Jackson, Lincoln, Logan, Putnam, and Roane counties (the "Affected Areas"), which upon information and belief, includes the property owned by Plaintiffs and more than 100,000 other American Water customers in West Virginia.

5. MCHM is used to clean coal and is known to irritate the skin and cause breathing problems, according to the U.S. Centers for Disease Control and Prevention. MCHM's effects on humans have not been tested, though it is known to be a hazardous material that can cause severe throat-burning, eye irritation, vomiting, trouble breathing, and skin irritation, including skin blistering.

6. As a result of the leakage MCHM into the water supply, a state of emergency was been declared at 4 pm on January 9, 2014 by West Virginia Governor Earl Ray Tomblin in the Affected Areas. The state of emergency is still in effect in the Affected Areas.

3

7. On January 10, 2014, the White House approved Governor Tomblin's request for a federal emergency declaration to assist with the situation in Affected Areas.

8. On the morning of January 10, 2014, Defendant American Water issued a DO NOT USE WATER NOTICE to the Affected Areas, which provided that water in the Affected Areas should not be used "for any purpose":

> West Virginia American Water has issued a DO NOT USE WATER NOTICE for all West Virginia American Water customers in Kanawha, Boone, Putnam, Lincoln, Logan, Clay, Roane and Jackson counties, as well as customers in Culloden in Cabell County. A chemical spill occurred along the Elk River, causing contamination of your water. Due to the nature of the contamination, as a precaution, customers should not use their water for any purpose. Bottled or alternative sources of water should be used for drinking, making ice, brushing teeth, washing dishes, bathing, food preparation, baby formula and all other purposes until further notice. Water quality specialists continue to monitor water, and crews will conduct flushing throughout the distribution system. West Virginia American Water will inform you when it is determined that the water is once again safe to use,

9. As of January 12, 2014, the state of emergency and DO NOT USE WATER NOTICE are still in effect for Plaintiffs and the Class Members, who are still unable to ingest, cook, bathe, wash or boil water contaminated by Freedom and supplied by American Water. Water contaminated by Freedom and supplied by American Water has been deemed suitable only for the purposes of flushing and putting out fires.

10. As a result of the contamination of the water supply, and the resulting state of emergency and DO NOT USE WATER NOTICE issued by Defendant American Water, the approximately 300,000 residents in the Affected Areas, including Plaintiffs and the class members, have been required to purchase bottled water and other beverages that they would not otherwise have purchased but for the conduct of defendants.

4

11. In addition, Plaintiffs and the class have been unable to bathe, wash clothing, or perform other daily functions which rely on clean, usable water supplies.

12. Because of the unprecedented nature of the MCHM Spill, and the continuing nature of the leak and contamination of the groundwater, State and American Water officials were unable to give an estimate on when the water might be safe to drink or use. As of this date, hundreds of thousands of people in West Virginia have been without clean tap water for five days.

13. Because of Freedom's release of MCHM into the Elk River and its subsequent contamination of Defendant American Water's water intake facility, schools, restaurants and businesses in the Affected Area were closed on Friday January 10, 2014, and on Monday, January 13, 2014, causing countless working parents and other care-givers to have to stay home from work with their school-age children or to pay for child care expenses that they would not have incurred but for the contamination of the water supply.

## CLASS DEFINITION AND CLASS ALLEGATIONS

14. Plaintiffs bring this Class Action pursuant to the Federal Rules of Civil Procedure 23(a), 23(b)(3) and/or 23(c)(4)(a) on behalf of themselves and all others similarly situated. The proposed Class is defined as follows:

> All Persons who own or occupied real property located in Kanawha, Putnam, Boone, Jackson, Lincoln, Roane, Clay, and Logan counties and the Culloden area of Cabell County, West Virginia on January 9, 2014.

Excluded from the Class and Subclasses are Defendants, members of the immediate families or employees of Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which Defendants have a controlling interest or which is related to or

5

affiliated with the Defendants, and the legal representatives, agents, heirs, successors-in-interest or assigns of any such excluded party.

15. The Class includes more than 100,000 members; accordingly, it is so numerous that joinder of all members would be impracticable. Given available evidence of the size of the Affected Area and the number of properties that are likely to be impacted by the MCHM Spill, numerosity is satisfied here.

16. Plaintiffs' claims are typical of those belonging to members of the Class, as each Plaintiffs and Class member has lost or will lose use or enjoyment of his or her property as a result of the damages caused by the January 9, 2014 MCHM Spill.

17. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent counsel with extensive experience litigating Class Actions involving similar environmental damages.

18. Common questions of law and fact exist as to all members of the Class, and these questions predominate over any questions affecting solely individual Class and Subclass members. Among the common questions are:

    a. Whether the MCHM Spill caused a substantial and unreasonable interference with the private use and enjoyment of Plaintiffs' and class members' property.

    b. Whether the MCHM Spill interfered with Plaintiffs and class members use and enjoyment of property in a way that was distinct from the interference caused to the general public.

    c. Whether Defendant Freedom's conduct violated the West Virginia Hazardous Waste Management Act;

    d. Whether Plaintiffs and the class are entitled to damages pursuant to state common law claims alleged herein.

6

19. A Class Action is superior to other available methods for the fair and efficient adjudication of this matter as prosecution of separate actions by individual Class members would unduly burden the courts, and risk inconsistent adjudications of common questions of law and fact. The Class Action approach will achieve economies of time and expense, and will ensure uniform results and procedural fairness to all parties.

20. The amounts at stake for Class members are not significant enough to merit individual actions against Defendants, although the aggregate amount is substantial. No Class or Subclass member thus has a pragmatic interest in individually controlling the prosecution of this case. Plaintiffs foresee no difficulty in the management of this Class Action.

## COUNT I
## PRIVATE NUISANCE

21. Plaintiffs repeat and incorporates herein by reference each and every allegation contained in the preceding paragraphs, as if set forth fully herein.

22. Defendants, by their acts and omissions described above, have invaded Plaintiffs' and Class Members' property owners', tenants' and residents' interest in the private use and enjoyment of land.

23. As a direct and proximate result of Defendants' reckless and egregious conduct, the Property Owner Plaintiffs, tenants and residents have suffered and will continue to suffer substantial loss of the use and enjoyment of land, loss of property value, and/or personal injuries.

## COUNT II
## PUBLIC NUISANCE

24. Plaintiffs repeat and incorporates herein by reference each and every allegation contained in the preceding paragraphs, as if set forth fully herein.

7

25. Defendants, by the acts and omissions described above, have created a public nuisance through the injury to and the unreasonable and significant interference with the rights of the Plaintiffs and Class Members common to the public including, among other things, the public right to clean groundwater.

26. Plaintiffs and the Class Members suffered special and distinct harm, different from that suffered by other members of the public, consisting of, among other things, injuries to their health, property and economic security, and loss of use and enjoyment of their property.

27. As a direct and proximate result of Defendants' reckless and egregious conduct, the property owners, tenants and residents have suffered and will continue to suffer substantial use of the loss of the use and enjoyment of land, loss of property value, and/or personal injuries.

## COUNT III
## TRESPASS

28. Plaintiffs repeat and incorporate herein by reference each and every allegation contained in the preceding paragraphs, as if set forth fully herein.

29. Defendants, by their acts and omissions described above, have invaded the Plaintiffs' and Class Members' interest in the exclusive possession of land.

30. As a direct and proximate result of Defendants' acts and omissions described above, the Plaintiffs' and Class Members' have suffered and will continue to suffer substantial loss of the use and enjoyment of land, and have or will suffer a diminishment in the value of their property.

31. Defendants' conduct as described above constituted an unauthorized entry upon Plaintiffs' and Class Members' property without legal authority, in that as a direct result of

8

Defendant's conduct, MCHM was recklessly and negligently discharged in the groundwater and the water supply thereby invading Plaintiffs' and Class Members' property.

32. As a proximate result of Defendants' trespass, the property rights of the Plaintiffs and Class Members' have been injured and will continue to be injured.

## COUNT IV
## WEST VIRGINIA HAZARDOUS WASTE MANAGEMENT ACT CLAIM AGAINST FREEDOM

33. Plaintiffs repeat and incorporate herein by reference each and every allegation contained in the preceding paragraphs, as if set forth fully herein.

34. Defendant Freedom violated the West Virginia Hazardous Waste Management Act ("WVHWMA"), attendant regulations and permit conditions relating to storing and handling MCHM, and hazardous materials.

35. The provisions of WVHWMA are intended to protect the Plaintiffs and the Class from the types of nuisance, injury and other damages caused by the improper storage and release of hazardous material by Freedom.

36. The actions of Freedom violated the WVHWMA and constitute negligence *per se*, for which Freedom is liable for all damages suffered by Plaintiffs and the Class resulting therefrom.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himself, all others similarly situated, and the general public, prays for judgment against Freedom Industries, Inc. and West Virginia-American Water Company as follows, ON ALL CAUSES OF ACTION:

    a. An award of compensatory damages for private nuisance for Plaintiffs and the class;

9

b. An award of compensatory damages for public nuisance for Plaintiffs and the class;

c. An award of compensatory damages for trespass for Plaintiffs and the class;

d. An award of compensatory damages for violations of the West Virginia Hazardous Waste Claim Act for Plaintiffs and the class;

e. An award of punitive damages;

f. An award of reasonable attorneys' fees and costs;

g. An award of pre-judgment interest; and

h. An award of such other and further compensation and relief to which the Plaintiffs may be justly entitled.

PLAINTIFFS RESPECTFULLY REQUESTS A TRIAL BY JURY.

Dated: 1/14/14

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

D. Aaron Rihn, Esquire
WV I.D. No.: 8736
Max Petrunya, Esquire
WV I.D. No.: 11563
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918
Telephone:   412-281-7229